# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**CASE NO. 3:05cr24/LAC**

**vs.**

**MANUEL MARTINEZ-SERUANTES,**
**a/k/a Jesus Morales-Cervantes,**
_____/

## GUILTY PLEA AND COOPERATION AGREEMENT

### 1. PARTIES TO AGREEMENT

This agreement is entered into by and between the Defendant, Manuel Martinez-Seruantes, Robert Dennis, attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal or administrative claim against the defendant.

FILED IN OPEN COURT THIS
4/26/05
CLERK, U. S. DISTRICT
COURT, NORTH DIST. FLA.

## 2. TERMS

The parties agree to the following terms:

a.   The defendant will plead guilty as charged to Count one of the superseding indictment. Count one of the superseding indictment charges the defendant with Conspiracy to distribute and possess with intent to distribute more than five hundred (500) grams of cocaine and more than five hundred (500) grams of methamphetamine, in violation of Title 21, United States Code, Sections §841(a)(1), §841(b)(1)(A)(viii), (b)(1)(B)(ii) and §846.

b.   The defendant agrees that were this case to go to trial, the government's evidence would demonstrate beyond any reasonable doubt that 500 grams or more of cocaine and 500 grams or more of methamphetamine were possessed with the intent to distribute by the defendant and co-conspirators during the conspiracy as alleged in the superseding indictment.

c.   The defendant faces enhanced penalties in this case as a result of the prior felony drug convictions described in the Enhancement Information filed by the United States. Accordingly, the relevant possible penalties for this offense will include a minimum mandatory sentence of life imprisonment, an $8,000,000 fine, a ten (10) year term of supervised release and a $100 special monetary assessment. The defendant agrees to pay the $100 total special monetary assessment on or before the date of sentencing.

d.   Defendant is pleading guilty because he is in fact guilty of the charge contained in Count One. In pleading guilty to the offense, defendant agrees that were this case to go to trial, the government could present evidence to  demonstrate or prove beyond a reasonable doubt the elements of a conspiracy offense as described in the

Eleventh Circuit Pattern Jury Instructions. Accordingly, the defendant agrees that the evidence in this case establishes:

First: That two or more persons (including the defendant) in some way or manner, came to a mutual understanding to try to accomplish the common and unlawful plan charged in the superseding indictment;

Second: That the defendant, knowing the unlawful nature of the plan, willfully joined in it;

Third: That the object of the unlawful plan was to distribute or possess with intent to distribute five hundred or more grams of methamphetamine and five hundred grams or more of cocaine.

e.  Further, the defendant agrees that methamphetamine and cocaine are "controlled substances" within the meaning of the law and that to possess with intent to distribute simply means to possess with intent to deliver or transfer possession of the methamphetamine and cocaine to another person, with or without any financial interest in the transaction.

f.  Upon the District Court's adjudication of guilt of the defendant for violation of 21 U.S.C. §841 and §846, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled.

g.  Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement. Should the defendant be charged with any offense alleged to have occurred after entry into this agreement, any statements, information or other evidence disclosed to the Government during the defendant's cooperation may be used against the defendant in any such

3

prosecution.

h. **The parties agree that the sentence to be imposed is left solely to the discretion of the District Court**, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense.

i. The United States Attorney agrees not to recommend a specific sentence. However, the United States Attorney does reserve the right to advise the District Court and any other authorities of its version of the circumstances surrounding the commission of the offenses by the defendant, including correcting any misstatements by the defendant or defense counsel, and reserves the right to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in Title 18, United States Code, Section 3553(a).

j. The defendant agrees to cooperate fully and truthfully with the United States Attorney and his designated representatives and with agencies identified by the United States Attorney. Such cooperation shall include but is not limited to providing complete and truthful debriefings and testimony at grand jury, trial, and as otherwise requested, involving any matter under investigation.

k. The defendant specifically waives any Fifth Amendment privilege and any other privilege inconsistent with the cooperation required by this agreement.

l. Defendant and defense counsel agree to allow defendant to be interviewed as part of defendant's cooperation under this agreement by the government or its state and/or local designees without prior notice or the presence of counsel, to include testimony in all

4

necessary proceedings related to the information provided as part of the defendant's cooperation.

m.     If all terms and conditions of this agreement are satisfied and there exists no cause for revocation as outlined in Section 3, any statements made by the defendant pursuant to this agreement will be treated by the United States as given under Rule 11(f), Federal Rules of Criminal Procedure, Rule 410, Federal Rules of Evidence and Sentencing Guideline Section 1B1.8.

n.     Defendant understands that conviction on this charge may adversely affect the immigration status of the defendant and may lead to defendant's deportation.

## 3. REVOCATION

a.  The parties agree that the United States Attorney may revoke this agreement upon showing, by a preponderance of the evidence, any of the following:

1.  that defendant has refused to cooperate as required by this agreement;

2.  that defendant's statements or testimony has been untruthful or incomplete;

3.  that defendant has failed to comply with any of the terms of this agreement;

4.  that defendant has any criminal liability for homicide; or

5.  that defendant has engaged in further criminal conduct after entering into this agreement.

b.  If this agreement is revoked,

1. The plea of guilty entered by the defendant pursuant to this agreement and any judgment entered thereon shall remain in full force and effect and will not be the subject of legal challenge by the defendant.

2. The United States may file charges without limitation by this agreement.

3.  All statements, information and other evidence provided by the defendant

pursuant to this agreement or under Rule 11, Federal Rules of Criminal Procedure, may be used against the defendant in any proceeding in this or any other action.

4. The defendant, regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance.

## 4. SENTENCING

a. If, <u>in the sole discretion of the United States Attorney</u>, the defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination whether the defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation. Should the United States exercise the discretion reserved to it by this agreement and not file a substantial assistance motion, the defendant agrees that such a decision on the part of the United States is subject to legal challenge only if made for constitutionally impermissible reasons (such as race or religion) as set forth in <u>Wade v. United States</u>, 504 U.S. 181, 185 (1992). **Should a substantial assistance motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.**

b. Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise. Because of the variety and complexity of issues which may arise at sentencing, the sentence is not subject to accurate prediction. The Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings, or a sentence greater than anticipated shall not be grounds for withdrawal

of defendant's plea.

c. The parties reserve the right to appeal any sentence imposed.

## 5. FORFEITURE

a. Prior to sentencing, the defendant shall accurately and completely identify every asset which is either owned by the defendant or is under the defendant's control. All property shall be identified, whether forfeitable or not.

b. Defendant agrees to fully and truthfully disclose all facts which could tend to make any interest which defendant owns or controls in property forfeitable under the laws of any jurisdiction, including property which may be forfeitable as substitute assets.

c. Defendant agrees to forfeit all forfeitable assets to the United States or to agencies designated by the United States. Defendant shall take all steps necessary to transfer forfeitable assets to the United States, including but not limited to executing any documents, consenting in any form or cause of action required by the United States, providing information and supporting documentation within the defendant's possession or control, and inducing persons holding property on the defendant's behalf to transfer such property to the United States. These transfers shall be completed prior to sentencing.

d. At his sole discretion, the United States Attorney may decline to forfeit assets where the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

## CONCLUSION

There are no other agreements between the United States Attorney, Northern District of Florida and the defendant and defendant enters this agreement knowingly, voluntarily and upon advice of counsel.

Robert Dennis
Attorney for Defendant

4-26-05
Date

Manuel Martinez-Seruantes
Defendant

4-26-05
Date

GREGORY R. MILLER
United States Attorney

Edwin Knight
Florida Bar No. 380156
Assistant U.S. Attorney
Northern District of Florida
21 E. Garden Street
Pensacola, Florida
850.444.4000