Martinez-Seruantes Manuel #06083-017
USP Pollock
P.O. Box 2099
Pollock, LA 71467


Defendant/Petitioner in Pro-se


IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHER DISTRICT OF FLORIDA


| | |
|---|---|
| MANUEL MARTINEZ SERUANTES, | Case No. 3:05-CR-24-002-LAC |
| Defendant/Petitioner, | **REQUEST FOR MODIFICATION OF SENTENCE PURSUANT TO** |
| v. | **18 U.S.C. §3582(c)(2);SUBSECTION 1B1.10 SENTENCING GUIDELINES** |
| UNITED STATES OF AMERICA | **BY RETROACTIVE APPLICABLE AMENDMENT 782 BY THE U.S.** |
| Plaintiff/Respondent. | **SENTENCING COMMISSION** |
| _____/ | |


COMES NOW, Defendant/Petitioner Manuel Martinez-Seruantes, acting in Pro-se and

respectfully moves this Honorable Court, pursuant to 18 U.S.C. §3582(c)(2) and Subsection 1B1.10 of

the U.S. Sentencing Guidelines (USSG), to reduce Defendant's sentence based upon a sentencing range

that has been lowered subsequent to Petitioner's imposed sentence, by Amendment 782 made

retroactively applicable by the United States Sentencing Commission, effective November 1, 2014.

1.      On September 6, 2005, Defendant was sentenced, **after a plea of guilty,** to a term of

imprisonment of **life** by this Honorable Court for a count of conspiracy to posses with intent to distribute

methamphetamine and cocaine, in violation of 21 U.S.C. §§841, 846.

## Defendant's Offense Level Computation

2. Applying the applicable provisions of the 2005 edition of the Guidelines Manual as existed at the time found at U.S.S.G. 2D1.1, and the Drug Quantity Table set forth in subsection (c) was used to determine the Defendant's base offense level. The Probation Officer found Defendant's **Base Offense Level 31,** Criminal History of IV, the guidelines range is 151 to 188 months.

3. Apparently (because the Defendant does not have a copy of his PSR as he is precluded by BOP personnel to possess it thus cannot ascertain his clam here), the Probation Officer **impermissibly** recommended, and the Court **erroneously** adopted at sentencing additional points to bring the Defendant adjusted **Base Offense Level <u>above</u> the top of the Sentencing Table range** <u>in order for the Court to sentence the Defendant to **Life** imprisonment</u> applying the provisions of §5G1.1(b).

## Defendant's Criminal History

5. The Probation Officer found based on Defendant's criminal history investigation that a total of the Defendant's Criminal History points was <u>7</u>. According to the sentencing table at U.S.S.G. Chapter 5, Pat A, which must have been used by the Probation Officer and the Court, seven criminal history points establishes a **Criminal History Category of IV.**

## Applicability of Amendment 782

5. Under the retroactively applicable Amendment 782, as established under sub-section 1B1.10 of the U.S.S.G, Petitioner is entitle to a **2-level reduction** in his offense level calculation. And under the Commentary Application Note 1B1.10(B)(iii) [Post Sentencing Conduct], "the Court may consider post-sentencing conduct of the defendant occurred after imposition of the term of imprisonment in determin-ing ... (II) the extent of such reduction, but only within the limits described in subsection (b)." Id.

6. Commentary Application Notes in §1B1.10(B)(4)(B) [Application of Subsection (c)] contains an example that applies to Petitioner case, which state in relevant part "Defendant B is subject to a

mandatory minimum term of imprisonment of 120 months. The original guideline range at the time of sentencing (as calculated on the Sentencing Table) was 108 to 135 months, which was restricted by operation of §1G1.1 to a range of 120 to 135 months. See §5G1.1(c)(2). The court imposed a sentence of 90 months pursuant to a government motion to reflect the defendant's substantial assistance to authorities. The court determines that the amended guideline range as calculated on the Sentencing Table is 87 to 108 months. Ordinarily, §5G1.1 would operate to restrict the amended guideline range to precisely 120 months, to reflect the mandatory minimum term of imprisonment. See §5G1.1(b). For purpose of this policy statement, however, the amended guideline range is considered to be 87 to 108 months **(i.e., unrestricted by operation of §5G1.1 and the statutory minimum of 120 months).**

7.      Under such authority vested to the Court, Petitioner respectfully request this Honorable Court take under consideration the achievements and efforts made by Petitioner in trying to better himself through his federal incarceration, as record facts in the Bureau Of Prisons should reflect that Petitioner has successfully completed all Educational Programs offered to him by his Prison Unit Team, to include "Drug Classes, Narcotics Anonymous, and Educational classes available to him by the prison personnel. **SEE EXHIBIT "A" attached**.

8.      After the appropriate adjustments are calculated under the **new application of Amendment 782,** Petitioner's offense level for the purpose of resentencing is **Level 29**.

9.      The Defendant's criminal history category computation **remains Category IV** as computed by the Presentence Report adopted by the Court at sentencing.

10.     The suggested guideline range for an **Offense Level 29** with a **Criminal History Category IV** is **121 to 151 months.**

11.     Assuming this Honorable Court maintains its position and impose the high area of the **new** range, **151 months** would be the Defendant's new sentence. However, **121 months** would be the Defendant's

3

low area under the new sentencing guidelines, ant therefore his new sentence under the law.

12.     Under the authority vested to this Court pursuant to §3582(c), and 28 U.S.C. §994(o) based on a sentencing range that has been **lowered** by the Sentencing Commission, the Court may take under consideration post incarceration achievements and continue efforts by the Defendant to better himself through prison programs available through his incarceration to lower Defendant's sentence.

13.     See e.g., Kimbrough v. United States, 522 U.S. 85 (2007) (recognizing judges' discretion to depart from within-guidelines sentence to serve the objectives of sentencing). As the Supreme Court said in a recent case where it held: "[B]ut the Guidelines are no longer binding, and the district court must consider all of the factors set in §3553(a) to guide its discretion at sentencing." Peugh, v. United States, 133 S. Ct. 2072, 2080 (2013) (citing United States v. Booker, 543 U.S. at 259-260, 264 (2005)).

WHEREFORE, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Defendant/Petitioner's **life** sentence **due to his guilty plea** and enter a new judgment in a Criminal Case reflecting said change in the Defendant's sentence and any other relief the Court deems appropriate. See Gall v. United States, 552 U.S. 38, 53 (2007) ("[T]he district court then either select a sentence within the guidelines range or depart upward or downward, based on consideration of the factors listed in 18 U.S.C. §3553(a)." Based on the foregoing arguments and educational achievements by the Defendant as demonstrated to this Court, a consideration by this Court is warranted due to the extremely harsh sentence the Defendant received for his guilty plea.

DATE: July 29, 2015                                    Respectfully submitted,

                                                       *MANuci MartinEZ*
                                                       Defendant/Petitioner in Pro-se

4

# EXHIBIT "A"

```
POLLM            *        INMATE EDUCATION DATA         *      07-28-2015
PAGE 001         *              TRANSCRIPT              *      09:10:20


REGISTER NO: 06083-017    NAME..: MARTINEZ-SERUANTES        FUNC: DIS
FORMAT.....: TRANSCRIPT    RSP OF: POL-POLLOCK USP
```

-------------------------- EDUCATION INFORMATION --------------------------

| FACL | ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|------|-----------|-------------|-----------------|----------------|
| POL | ESL EXEMPT | ESL NEED-PERMANENTLY EXEMPT | 03-30-2006 0001 | CURRENT |
| POL | GED UNSAT | GED PROGRESS UNSATISFACTORY | 08-07-2013 0001 | CURRENT |
| POL | GED XN | EXEMPT GED NON-PROMOTABLE | 08-07-2013 1310 | CURRENT |


-------------------------- EDUCATION COURSES --------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|----------|-------------|------------|-----------|------|----|----|-----|
| POL | USP LEATHER CLASS | 08-12-2013 | 09-19-2013 | P | C | P | 24 |
| POL | EVE 2 PGED 1G | 02-01-2013 | 08-07-2013 | P | W | V | 240 |
| POL | PM PGED 4 U | 10-15-2012 | 02-01-2013 | C | W | I | 0 |
| POL | PM GED 4 U | 10-25-2010 | 10-15-2012 | C | W | I | 0 |
| POL | ADVANCED CHROCET | 08-15-2012 | 09-05-2012 | P | C | P | 12 |
| POL | USP CROCHET CLASS | 06-18-2012 | 07-24-2012 | P | C | P | 12 |
| POL | PM SGED 1 C | 10-18-2010 | 10-25-2010 | C | W | I | 0 |
| POL | SPGED 2:00-3:30 MON-FRI | 03-03-2009 | 10-18-2010 | C | W | I | 0 |

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
   POLLM          *        INMATE EDUCATION DATA      *       07-28-2015
   PAGE 002        *              TRANSCRIPT          *       09:10:20
```

REGISTER NO: 06083-017    NAME..: MARTINEZ-SERUANTES        FUNC: DIS
FORMAT.....: TRANSCRIPT    RSP OF: POL-POLLOCK USP


--------------------------- EDUCATION COURSES ---------------------------

| SUB-FACL | DESCRIPTION | START DATE | STOP DATE | EVNT | AC | LV | HRS |
|---|---|---|---|---|---|---|---|
| POL | SPGED 2:00-3:30 MON-FRI | 01-25-2008 | 03-03-2009 | C | W | I | 0 |
| POL | ADV ROWING | 11-05-2008 | 11-30-2008 | P | C | P | 18 |
| POL | IMD ROWING | 10-11-2008 | 11-01-2008 | P | C | P | 18 |
| POL | BEG ROWING | 09-17-2008 | 10-12-2008 | P | C | P | 18 |
| POL | ENG AS 2ND LAN MON-FRI 1230 PM | 05-01-2006 | 01-25-2008 | C | W | I | 0 |
| POL | VT SEWING CLASS M-F 730-1030AM | 03-26-2007 | 06-28-2007 | P | C | C | 150 |


--------------------------- HIGH TEST SCORES ---------------------------

| TEST | SUBTEST | SCORE | TEST DATE | TEST FACL | FORM | STATE |
|---|---|---|---|---|---|---|
| CASAS | LIST LEV B | 201.0 | 10-22-2007 | POL | 53 | |
| | LIST PLACE | 204.0 | 05-04-2006 | POL | 2 | |
| | READ LEV B | 216.0 | 07-18-2006 | POL | 34 | |
| | READ LEV C | 217.0 | 09-19-2006 | POL | 36 | |
| | READ PLACE | 225.0 | 01-21-2009 | POL | 3 | |


G0002      MORE PAGES TO FOLLOW . . .

```
   POLLM          *        INMATE EDUCATION DATA      *     07-28-2015
   PAGE 003 OF 003 *            TRANSCRIPT            *     09:10:20


   REGISTER NO: 06083-017    NAME..: MARTINEZ-SERUANTES   FUNC: DIS
   FORMAT.....: TRANSCRIPT   RSP OF: POL-POLLOCK USP


   -------------------------- HIGH TEST SCORES  --------------------------
   TEST      SUBTEST        SCORE    TEST DATE    TEST FACL   FORM    STATE
   SABE/2    MATH COMP       6.2    01-25-2008     POL
             MATH CONC       5.5    01-25-2008     POL
             READ COMP       7.0    01-25-2008     POL
             VOCABULARY      6.1    01-25-2008     POL




   G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

Martider-Sexuentes
Reg # 06083-017
USP Pollock
P.O. Box 2099
Pollock, LA 71467

SHREVEPORT LA 71
30 JUL 2015 PM 2

FOREVER FOREVER FOREVER

Office of The Clerk
U.S. Courthouse
One North Palafox St. 3d Flr
Pensacola, FL 32502

3250256565850