**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                          **Case No. 3:05cr24-TKW**

**MANUEL MARTINEZ SERUANTES,**

   **Reg. No. 06083-017,**

        **Defendant.**
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE  (Doc. 157)**

COMES NOW the United States and responds as follows to the defendant's motion (Doc. 157) motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 157 at 1, 14-15, 31). Seruantes has failed to administratively exhaust his request for release in compliance with 18 U.S.C. § 3582(c)(1)(A) or demonstrate his eligibility based extraordinary and compelling reasons enumerated in U.S.S.G. § 1.B1.13. In support of its opposition, the government would show as follows:

**FAILURE TO EXHAUST**:

Seruantes appears to labor under the misunderstanding that because he requested a Presidential Commutation of Sentence twelve years ago (May 2014; Doc. 157 at 11-12), that somehow fulfills the administrative exhaustion requirement of 18

U.S.C. § 3582(c)(1)(A) before filing a motion with the Court. He provides two identical unsigned, undated letters from his brothers(?) in support of his twelve-year old clemency request. (Doc. 157 at 38-41, 44). He does not allege (or provide copies of) an administrative remedy request to his warden at USP Pollock delineating the extraordinary and compelling circumstances for which he seeks compassionate release. BOP's national Reduction In Sentence (RIS) Request data base reflects no such submission by Seruantes to his USP Pollock warden and the institution itself (USP Pollock) verifies it knows of no such request.

It is not discernable to the undersigned what Seruantes means when he says: "Since the BOP could be a help on this process, exhaustion of administrative remedies is not an issue in this case. See 18 U.S.C. § 3582 (c)(1)(A)." (Doc. 157 at 13).

Law & Argument

Title 18 U.S.C. § 3582(c)(1)(A) provides, in part: A defendant may move for compassionate release only if he has previously asked the Bureau of Prisons "to bring a motion on the defendant's behalf" and either (1) he has "fully exhausted all administrative rights to appeal" the Bureau's failure to do so, or (2) there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Here, it is Seruantes' burden to prove he has complied with the exhaustion requirement. *United States v. Van Sickle*, 2020 WL

2219496, at *3 (W.D. Wash. May 7, 2020) (citing cases); *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

In this case, Seruantes has made no RIS request to his warden and does not claim or prove to the contrary. Accordingly, Seruantes has failed to meet § 3582(c)(1)(A)'s exhaustion requirement.

This requirement is a "mandatory claim-processing rule," *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021), which "must be enforced" when "properly invoked," as here. *Hamer v. Neighborhood Housing Services*, 583 U.S. 17, 20, 138 S.Ct. 13 (2017); *see also United States v. Cortez-Diaz*, 2022 WL 1666953 at *1 n.2 (10th Cir. May 25, 2022). The Government has timely raised the exhaustion requirement here, and Seruantes has indisputably failed to comply with it. *United States v. Garcia*, 743 F. Supp. 3d 1334, 1340 (D. Utah 2024).

The "exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *United States v. McCloskey*, 2021 WL 767934, *1 (S.D. Ga. Feb. 26, 2021) ("Because McCloskey provided the BOP "no opportunity to assess" the arguments he now raises before this Court, he failed to exhaust his administrative remedies); *United States v. Prevatt*, 2022 WL 16964766, *2 (S.D. Ga. Nov. 16, 2022) (did not provide BOP with an 'opportunity to assess' the arguments she now raises, she failed to exhaust her administrative remedies); *United States v. Dawson*, 2022 WL 16964767**2-3 (S.D. Ga. Nov. 16, 2022)

3

(same); *United States v. Gonzalez*, 2021 WL 4066897, *4 (S.D. Fla. Sep. 7, 2021) (cannot satisfy the exhaustion requirement as BOP not been given an opportunity to assess circumstances raised here."). To properly exhaust administrative remedies, the administrative complaint must raise the "**same claims**" asserted in the federal court filing. *United States v. Garcia-Duran*, 2020 WL 3477171, *2 (S.D. Ga. Jun. 25, 2020); *United States v. Valenta*, 2020 WL 1689786, at *1 (W.D. Pa. Apr. 7, 2020) (*citing Gadra-Lord v. Doe*, 736 Fed.Appx. 30, 32 (3d Cir. 2018)); *United States v. Khan*, 540 F. Supp. 2d 344, 351 (E.D.N.Y. 2007); *United States v. Gourdine*, 2020 WL 3960824, *4 (S.D. Ga. Jul. 13, 2020); *United States v. Pitt*, 2020 WL 2098272, *2 (M.D. Pa. May 1, 2020); *accord United States v. Bowers*; 2021 WL 1187080, *3 (S.D. Ga. Mar. 29, 2021); *Anderson*, 2022 WL 464558, *1; *United States v. Rosario*, 2020 WL 5793000, *2 (S.D. Ga. Sep. 28, 2020) (*citing Valenta*)*; United States v. Parse,* 2020 WL 4368274, *2 (S.D. Ga. Jun. 30, 2020); *United States v. Gould*, 2020 WL 4165986, *3 (S.D. Ga. Jul. 20, 2020). *See United States v. Etti*, 2021 WL 3710692, *2 (N.D. Tex. Aug. 20, 2021) (previous compassionate release request to warden was 13 months old and was "stale" inasmuch as "the prison's circumstances and Etti's circumstances have undoubtedly changed." Here, Seruantes' 12 year-old clemency application is no substitute for what is required by 18 U.S.C. § 3582(c)(1)(A) as a predicate before filing a motion with the Court. *United States*

*v. Gibson*, 2024 WL 3447918, at *4 (S.D. TX Jul. 16, 2024) (stale submission inadequate). Accordingly, Seruantes must file a <u>fresh</u> RIS request to his present warden alleging the <u>same claims</u> to be presented to the court by way of motion <u>if</u> the warden denies his request or fails to respond in 30 days.

Seruantes makes no claim that he apprised the USP Pollock warden of his § 1B1.13(b)(6) claim (Doc. 157 at 15) or any other ground for release, or of the letters spelling out support for his release, as extraordinary and compelling justifications for a reduction in sentence.

If Seruantes properly exhausts these RIS claims and re-files this motion, should his present warden deny his RIS request, allowing the Court jurisdiction to hear other contentions enumerated in Doc. 157 on the merits, the government would request an opportunity to address those claims such as the validity of USSG § 1B1.13(b)(6), the unavailability of First Step Act Section 401(a) changes to reduce Seruantes' sentence, and applicable 3553(a) factors.

Presently, the validity of § 1B1.13(b)(6) is currently before both the Eleventh Circuit, *see United States v. Rizo*, No. 24-11349 (11th Cir.), and the Supreme Court, *see Carter v. United States*, No. 24-860 (U.S.); *Rutherford v. United States*, No. 24-820 (U.S.). The Supreme Court heard oral argument in *Carter* and *Rutherford* on

November 12, 2025. The decisions in these appeals will have a direct impact on the proper outcome of any motion based on § 1B1.13(b)(6). The undersigned respectfully suggest that a stay is appropriate in the interests of judicial economy and fairness. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997)(noting the court has broad discretion to stay as "incident to its power to control its own docket"); *Landis v. N.Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936) (stating, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket").

For the reasons above, the defendant's motion (Doc. 157) should be dismissed without prejudice to refile once Seruantes properly complies with the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

Respectfully submitted,

JOHN P. HEEKIN
United States Attorney

*/s/ LENNARD B. REGISTER, III*
LENNARD B. REGISTER, III
Florida Bar No. 0264970
Assistant United States Attorney
Northern District of Florida
21 E. Garden Street
Pensacola, FL 32502
(850) 444-4000
len.register@usdoj.gov

## LOCAL RULE 7.1(F) CERTIFICATE

I certify that this response contains 1,217 words, per Microsoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## CERTIFICATE OF SERVICE

I further certify that this response has been filed on CM/ECF on April 21, 2026, and furnished by U.S. mail to Manuel Martinez-Seruantes; Reg. No. 06083-017, USP Pollock, P.O. Box 2099, Pollock, LA 74167.

*/s/ LENNARD B. REGISTER, III*
LENNARD B. REGISTER, III
Assistant United States Attorney