## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 3:05-cr-24-TKW**

**MANUEL MARTINEZ-SERUANTES**,

    **Defendant**.

_____/

### <u>ORDER DISMISSING MOTION FOR COMPASSIONATE RELEASE</u>

This case is before the Court based on Defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A) and First Step Act of 2018" (Doc. 157) and the Government's response (Doc. 161). Upon due consideration of these filings, the Court finds that the motion is due to be dismissed for failure to exhaust administrative remedies.

"A prisoner seeking compassionate release is … required to exhaust his administrative remedies before requesting relief from the district court." *United States v. Waldon*, 2022 WL 1740425, at *2 (11th Cir. May 31, 2022). To do so, the prisoner must submit a request asking the warden of his facility to bring a motion for sentence reduction on his behalf and give the warden 30 days to rule on the request. *See* 18 U.S.C. §3582(c)(1)(A). Then, if 30 days lapse without the warden filing a motion for sentence reduction on the prisoner's behalf, the prisoner may file a motion with the court. *Id.*

The exhaustion requirement is a "claim-processing rule," not a jurisdictional requirement. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). However, "[t]he exhaustion requirement is mandatory in the sense that a court must enforce the rule if a party properly raises it." *United States v. Griffiths*, 2026 WL 60406, at *1 n.2 (M.D. Fla. Jan. 8, 2026); *see also United States v. Rivero*, 2022 WL 168800, at *1 (11th Cir. Jan. 19, 2022) (affirming denial of compassionate release motion for failure to exhaust administrative remedies where Government raised the issue).

Here, the Government raised the exhaustion issue in its response. *See* Doc. 161. Thus, the Court can only consider the merits of the motion if it demonstrates that Defendant exhausted his administrative remedies.

Defendant asserted in his motion that he exhausted his administrative remedies, but he did not provide any documentation showing that he submitted a request for a sentence reduction to the warden of his facility as required by §3582(c)(1)(A).[1] Rather, the only evidence that Defendant cited in support of his exhaustion argument are letters related to a decades-old executive clemency process. Those letters do not satisfy the exhaustion requirement in §3582(c)(1)(A).

---

[1] Apparently, no such documentation exists because the Government represented in its response that that "BOP's national Reduction In Sentence (RIS) Request data base reflects no such submission by [Defendant] to his USP Pollock warden and the institution itself (USP Pollock) verifies it knows of no such request." Doc. 161 at 2.

Accordingly, it is **ORDERED** that Defendant's "Motion for Compassionate Release Pursuant to 18 U.S.C. §3582(c)(1)(A) and First Step Act of 2018" (Doc. 157) is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**DONE and ORDERED** this 22nd day of April, 2026.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**